UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CHARLES BENNETT LAW, PLLC,** § § § | |
| Plaintiff, § | |
| § | Civil Action No.: 3:22-cv-2711 |
| v. § | |
| § | |
| **EGENBERG, APLC and BRADLEY EGENBERG,** § § § | |
| Defendants. § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Egenberg, APLC files this Notice of Removal of the above-entitled action from County Court at Law No. 1 of Dallas County, Texas to the United States District Court for the Northern District of Texas. As grounds for removal, Defendant states as follows:

1. <u>Complaint</u>. Plaintiff and Defendants entered into a Superseding Of Counsel Agreement (the "Contract"). Defendants filed a demand for arbitration with the American Arbitration Association ("AAA") against Plaintiff Charles Bennett Law, PLLC ("Plaintiff") for breach of the Contract that was received by AAA on October 21, 2022. On November 1, 2022, Plaintiff filed its Original Petition against Defendants in a case styled *Charles Bennett Law, PLLC v. Egenberg APLC and Bradley Egenberg*, currently pending in the County Court at Law No. 1 in Dallas County, Texas, Cause No. CC-22-06149-A. *See* App. at 5-20. Plaintiff's Original Petition asks the Court to determine that the Contract's arbitration provision is not enforceable and seeks monetary damages for usury, breach of contract, unjust enrichment, claims for violations of the Texas Deceptive Trade

Practices Act, fraud, fraud by nondisclosure, statutory fraud, and conspiracy, along with injunctive relief. Plaintiff seeks actual damages, economic damages, mental anguish damages, disgorgement, treble damages, exemplary damages, attorney's fees, interest, and costs of court.

2. <u>Pleadings and Process</u>. Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings, and orders in this action are attached as Exhibits C1 through C4. App. at 5-20, 21-22, 23-24, 25-29.

3. <u>Timeliness</u>. Defendant Egenberg, APLC was served with Plaintiff's Original Petition on November 14, 2022. Therefore, this notice of removal is timely as it is filed within thirty days after service.

4. <u>Basis for Removal</u>. The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a), which provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between… citizens of different states…"

5. <u>Diversity of Citizenship</u>. Complete diversity exists between Plaintiff and Defendants. A corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company is "determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). There is complete diversity between all of the parties, as follows:

      a.      <u>Plaintiff Charles Bennett Law, PLLC</u>. Plaintiff is a Texas citizen, as alleged in Plaintiff's Original Petition. It is a Professional Limited Liability Company formed under the laws of the state of Texas. Its member, Charles A. Bennett, is a Texas citizen. Its principal place of business is in Dallas County, Texas

      b.      <u>Defendant Egenberg, APLC</u>[1]. Defendant Egenberg, APLC is a Louisiana citizen. It is a Professional Law Corporation organized under the laws of the state of Louisiana. App. at 36 ¶ 2; 38-44; 45; 46; 47. Its sole member is Bradley Egenberg, a New York citizen. App. at 37 ¶ 3. Its principal place of business is located at 650 Poydras Street, Suite 2000, New Orleans, Louisiana 70130. App. at 36 ¶ 2; 45.

      c.      <u>Defendant Bradley Egenberg</u>[2]. At the times relevant to this lawsuit (when Plaintiff's Original Petition was filed and at the time of removal), Defendant Bradley Egenberg is a New York citizen. App. at 37 ¶ 3.

6.      <u>Amount in Controversy</u>. The amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332(a). *See* U.S.C. §§ 1332(a) and 1441.

      a.      When assessing the amount in controversy for diversity-jurisdiction purposes, the sum claimed by the plaintiff controls if the claim is made in good faith. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). A sum pled by a plaintiff, however, is made in bad faith and will not control when the specified sum is made in contravention of the state law's pleading requirements. *Hamilton v. Mike Bloomberg*

---

[1] An APLC is treated as a traditional corporation for purposes of diversity jurisdiction. *Guidry v. Waveland Servs., Inc.*, No. 6:19-cv-1353, 2020 WL 2573238, n2 (W.D. La. May 21, 2020), citing *Rhino Shield Gulf S., LLC v. RSUI Grp., Inc.*, No. CV 18-11247, 2019 WL 142296, at *2 (E.D. La. Jan. 9, 2019). Defendant has also provided the membership information for Egenberg, APLC in the event that its citizenship may be determined by that of its members, as in the case of an LLC.

[2] Defendant Bradley Egenberg has not been served with process and has not made an appearance in this matter.

*2020 Inc.*, 474 F.Supp.2d 836, 841-42 (N.D. Tex. 2020), citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). The burden then shifts to the defendant to establish by a preponderance of the evidence that federal jurisdiction exists. *Espinoza v. Allstate Texas Lloyd's*, 222 F.Supp. 3d 529, 532-33 (W.D. Tex. 2016). Courts must determine the amount in controversy in light of the claims in the state court petition as they existed at the time of removal. *Id.* at 533. To determine whether it is facially apparent that the claims exceed the jurisdictional amount, the district court must first examine the complaint; if it is not thus apparent, the district court may rely on summary judgment-type evidence to ascertain the amount in controversy. *See Wilson v. Hibu Inc.,* No. 3:13-CV-2012-L, 2013 WL 5803816, at *2 (N.D. Tex. Oct. 28, 2013). The Northern District of Texas has used a common-sense approach to examine a plaintiff's petition and determine whether the damages exceed the jurisdictional threshold of $75,000 where a plaintiff pled damages of less than $75,000. *See id.* at *2-4.

      b.      The amount in controversy pled by Plaintiff in Plaintiff's Original Petition was made in bad faith and should not control because it was made in contravention of Texas's pleading requirements. Plaintiff's Original Petition alleges that "Plaintiff seeks monetary relief of $74,500 or less, including interest, statutory or punitive damages and penalties, and attorney's fees and costs," citing to Rule 47(c)(1) of the Texas Rules of Civil Procedure. App. at 5, ¶ 2. Rule 47(c) requires a plaintiff to classify the relief sought in its petition into one of five categories. *See* TEX. R. CIV. P. 47. However, Rule 47(c) does not identify $74,500 or less as one of the five specified categories; rather, Rule 47(c)(1) (cited by Plaintiff) specifically identifies "only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs." *See*

TEX. R. CIV. P. 47(c)(1). The plain language of Rule 47 does not allow a plaintiff to plead for monetary relief of $74,500 or less. *See Hamilton*, 474 F.Supp.3d at 842. Where a plaintiff uses a damages-limiting statement that is not included in the five pre-defined damages ranges listed in Rule 47, the damages limiting statement has been found to be in bad faith for the purpose of evading federal court's jurisdiction. *Espinoza*, 222 F.Supp.3d at 536. Because Plaintiff pled a damages range not identified in Rule 47, Plaintiff's pleading was made in bad faith and should not be determinative of the amount in controversy. *See id.*; *Hamilton*, 474 F.Supp.3d at 842; *Hibu Inc.,* 2013 WL 5803816 at *5-6.

  c. It is facially apparent that the claims in Plaintiff's Original Petition exceed the jurisdictional amount of $75,000. Plaintiff has asserted a claim for usury, for which it seeks the following damages:

> 43. By demanding illegal and unconscionable contingent fee shares for matters that are allegedly due as interest on a $100,000 loan that Defendants made to Plaintiff CBL, Defendants contracted for, charged, and received interest that is greater than the amount authorized by Texas law in connection with this transaction with Plaintiff CBL.
> 44. Defendants charged and received illegal interest greater than twice the amount authorized by Texas Law and are therefore liable for the following:
>     a. the principal amount on which the interest is charged and received; and
>     b. the interest and all other amounts charged and received.

App. at 12, ¶¶ 43, 44; *see also* App. at 7, ¶¶ 10, 12 (starting that the principal amount of the loan was $100,000). In its claim for usury alone, Plaintiff seeks $100,000 (return of the principal amount of the loan), along with interest. In addition to this $100,000, Plaintiff also seeks actual damages, mental anguish damages, treble damages, disgorgement,

exemplary damages, and attorney's fees. App. at 17-18, ¶ 86. It is facially apparent that Plaintiff's claims exceed $75,000, as Plaintiff has asked for $100,000. In addition, a common-sense approach instructs that the damages pled by Plaintiff in Plaintiff's Original Complaint, including in Paragraphs 43, 44, and 86, more likely than not exceeds $75,000. *See Hibu Inc.*, 2013 WL 5803816 at *3.

7. <u>Consent to Removal</u>. All Defendants consent to removal. *See* 28 U.S.C. § 1446(a); App. at 37, ¶ 4.

8. <u>Venue</u>. The United States District Court for the Northern District of Texas, Dallas Division, embraces the county in which the action is pending. Therefore, under 28 U.S.C. 124(a)(7) and 1441(a), this Court is a proper venue for this action.

9. <u>Notice Given</u>. Defendant will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Dallas County Clerk, as required by 28 U.S.C. 1446(d).

10. <u>Reservation of Defenses</u>. Because this Notice of Removal is neither a responsive pleading nor a motion under Rule 12 of the Federal Rules of Civil Procedure, Defendant has not waived the right to assert any applicable defenses by removing this action from state court. Rule 12 of the Federal Rules of Civil Procedure provides that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading or motion. *See* FED. R. CIV. P. 12(b). Defendant filed its responsive pleading in the state court action.

11. <u>Exhibits</u>. Pursuant to 28 U.S.C. 1446(a) and Local Rule 81.1, the following items are being filed with this Court as exhibits to this Notice of Removal:

      a.      An index of all documents that clearly identifies each document and indicates the date the document was filed in state court is attached as Exhibit A. App. at 1.

      b.      A copy of the docket sheet in the state court action is attached as Exhibit B. App. at 2-4.

      c.      Each document filed in the state court is attached as Exhibits C-1 to C-4. App. at 5-29.

      d.      A Civil Cover Sheet is attached as Exhibit D. App. at 30-31.

      e.      The Supplemental Civil Cover Sheet for Cases Removed from State Court is attached as Exhibit E. App. at 32-33.

      f.      A separately signed certificate of interested persons that complies with Local Rule 3.1(c) or 3.2(e) is attached as Exhibit F. App. at 34-35.

12.    <u>Payment of Costs</u>. Payment of the appropriate fees and costs for removal and docketing of this matter in federal court, if any, are tendered with this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, with this Notice of Removal, Defendant Egenberg, APLC hereby removes this Action from the County Court at Law of Dallas County, State of Texas, and requests that this Action proceed as properly removed to this Court.

        Respectfully Submitted,

**BRIAN LAUTEN, P.C.**

/s/ *Courtney G. Bowline*
**Brian P. Lauten**
State Bar No. 24031603
blauten@brianlauten.com
**Courtney G. Bowline**
State Bar No. 24055206
cbowline@brianlauten.com
**Kaylee Vanstory**
State Bar No. 24115009
kvanstory@brianlauten.com
3811 Turtle Creek Blvd., Ste. 1450
Dallas, Texas 75219
(214) 414-0996 telephone
(214) 744-3015 facsimile

**ATTORNEY FOR DEFENDANT
EGENBERG, APLC**

## CERTIFICATE OF SERVICE

On December 13, 2022, I filed this Notice of Removal with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record in a manner authorized by Rule 5 of the Federal Rules of Civil Procedure.

        /s/ *Courtney G. Bowline*
        Courtney G. Bowline