**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES BENNETT LAW, PLLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No.:** 3:22-cv-2711 |
| **v.** | § | |
| | § | |
| **EGENBERG APLC and BRADLEY** | § | |
| **EGENBERG,** | § | |
| | § | |
| **Defendants.** | § | |

**INDEX OF EXHIBITS**

| Exhibit | Appendix Page Nos. | Description | Date Filed |
|---|---|---|---|
| A | 1 | Index of Exhibits | 12/13/2022 |
| B | 2-4 | State Court Docket Sheet | 12/13/2022 |
| C-1 | 5-20 | Plaintiff's Original Petition and Application for Injunction of Arbitration | 11/1/2022 |
| C-2 | 21-22 | Citation for Egenberg, APLC | 11/1/2022 |
| C-3 | 23-24 | Citation for Bradley Egenberg | 11/1/2022 |
| C-4 | 25-29 | Defendant Egenberg, APLC's Original Answer | 12/5/2022 |
| D | 30-31 | Civil Cover Sheet | 12/13/2022 |
| E | 32-33 | Supplemental Civil Cover Sheet | 12/13/2022 |
| F | 34-35 | Certificate of Interested Persons | 12/13/2022 |
| G | 36-37 | Affidavit of Bradley Egenberg | 12/13/2022 |
| G-1 | 38-44 | Articles of Incorporation dated April 2, 2013 and Amendment to Articles of Incorporation dated June 20, 2014 | 12/13/2022 |
| G-2 | 45 | Egenberg, APLC's 2022 Domestic Corporation Annual Report filed with Louisiana Secretary of State's Office dated May 3, 2022 | 12/13/2022 |
| G-3 | 46 | Egenberg, APLC's 2022 Certificate of Good Standing from the Louisiana Secretary of State's Office dated May 3, 2022 | 12/13/2022 |
| G-4 | 47 | Egenberg, APLC's Certificate of Existence from the Louisiana Secretary of State's Office dated April 9, 2022 | 12/13/2022 |

**Exhibit A**

1

## Case Information

CC-22-06149-A | CHARLES BENNETT LAW, PLLC vs. EGENBERG APLC, BRADLEY EGENBERG

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-22-06149-A | County Court at Law No. 1 | BENSON, D'METRIA |
| File Date | Case Type | Case Status |
| 11/01/2022 | DEBT/CONTRACT | OPEN |

## Party

**PLAINTIFF**
CHARLES BENNETT LAW, PLLC

Address
12770 COIT ROAD
SUITE. 720
DALLAS TX 75251

Active Attorneys ▾
Lead Attorney
BENNETT, CHARLES A
Retained

**DEFENDANT**
EGENBERG APLC

Address
SERVE REGISTERED AGENT: GERALD WASSERMAN
3939 N. CAUSEWAY BOULEVARD, SUITE 200
METAIRIE LA 70002

Active Attorneys ▾
Lead Attorney
BOWLINE, COURTNEY G
Retained

**DEFENDANT**
EGENBERG, BRADLEY

Address
5721 SAINT CHARLES AVE
NEW ORLEANS LA 70115

**Exhibit B**
**2**

## Events and Hearings

11/01/2022 NEW CASE FILED (OCA)

11/01/2022 ORIGINAL PETITION ▾

APPLICATION FOR INJUNCTION OF ARBITRATION

Comment
PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR INJUNCTION OF ARBITRATION

11/01/2022 ISSUE CITATION ▾

CITATION 2012

CITATION 2012

Comment
ESERVE# 69819515

11/02/2022 JURY DEMAND

11/02/2022 CITATION (SERVICE) ▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method
Comment
EGENBERG APLC

11/02/2022 CITATION (SERVICE) ▾

Unserved

Anticipated Server
ATTORNEY

Anticipated Method
Comment
BRADLEY EGENBERG

12/05/2022 ORIGINAL ANSWER ▾

**3**

ORIGINAL ANSWER

## Documents

APPLICATION FOR INJUNCTION OF ARBITRATION

CITATION 2012

CITATION 2012

ORIGINAL ANSWER

FILED
11/1/2022 12:12 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:22-cv-02771-S-BK   Document 1-1   Filed 12/13/22   Page 5 of 47   PageID 13

CAUSE NO. _____ CC-22-06149-A

| | | |
|---|---|---|
| CHARLES BENNETT LAW, PLLC, | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | OF DALLAS COUNTY, TEXAS |
| | § | |
| EGENBERG APLC, and BRADLEY EGENBERG | § | |
| | § | |
| | § | |
| Defendants. | § | COUNTY COURT AT LAW NO. ____ |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR INJUNCTION OF ARBITRATION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Plaintiff **CHARLES BENNETT LAW, PLLC** (hereinafter "Plaintiff") and files this, its Original Petition, complaining of **EGENBERG APLC** and **BRADLEY EGENBERG** (hereinafter "Defendants"), and respectfully shows as follows:

### I. DISCOVERY CONTROL PLAN

1.      Pursuant to Texas Rule of Civil Procedure 190.4, discovery in this suit is to be conducted under Level 1.

### II. RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

2.      As required by Rule 47(b) of the Texas Rules of Civil Procedure, the damages sought are within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of $74,500 or less, including interest, statutory or punitive damages and penalties, and attorney's fees and costs. TEX. R. CIV. P. 47(c)(1). Plaintiff also seeks prejudgment and post-judgment interest at the highest allowable legal rate.

### III. PARTIES

3.      Plaintiff CHARLES BENNETT LAW, PLLC (hereinafter "CBL") is a Texas Professional Limited Liability Company with its principal office in Dallas County, Texas.

4.      Defendant EGENBERG APLC (hereinafter "Egenberg APLC") is a Louisiana Professional Law Corporation doing business in Texas with a principal office located at 5252 Westchester Street, Ste. 210, Houston, Texas 77005. Defendant Egenberg APLC may be served through its registered agent GERALD WASSERMAN at 3939 N. CAUSEWAY BOULEVARD, SUITE 200, METAIRIE, LA 70002 or wherever he may be found.

5.      Defendant BRADLEY EGENBERG (hereinafter "Mr. Egenberg") is an individual residing at 5721 Saint Charles Ave, New Orleans, Louisiana 70115. The last three digits of his Social Security number and Driver's License number are unknown and will be supplemented. Defendant Egenberg may be served at his place of residence or wherever he may be found.

### IV. VENUE

6.      Venue is proper in Dallas County because a substantial part of the events giving rise to Plaintiff's claims occurred in Dallas County. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

7.      In addition, a written agreement between Plaintiff and Defendants states, "The Parties consent to the non-exclusive jurisdiction and venue in the State courts of Texas in Dallas County," and according to the American Arbitration Association, the hearing locale for an arbitration Defendants demanded is in Dallas County, TX

### V. FACTS

8.      This is a suit for breach of contract, usury, violations of the Texas Deceptive Trade Practices Act (DTPA), common-law fraud, statutory fraud, fraud by nondisclosure, joint enterprise, and civil conspiracy arising out of a written agreement between the parties.

---

9.      Plaintiff is also contesting the arbitrability of any written agreement to arbitrate between the parties and seeking an injunction on any arbitration proceedings between the parties until this court rules on arbitrability. On or about October 21, 2022, the AAA acknowledged receipt of Defendants' demand for arbitration and the AAA's intention to administer the arbitration even though no legal or enforceable written agreement to arbitrate exists between the parties.

10.     In 2019, Defendants Egenberg APLC and Mr. Egenberg, entered into a written agreement with Plaintiff CBL in which Defendants would loan CBL $100,000 in 10 monthly installments of $10,000 each from October 15, 2018 to approximately July 15, 2019. In addition, Defendants were to pay for certain marketing costs to obtain leads for personal injury cases. Defendants apparently obtained (or intended to obtain) most or all the funding for the loan and the marketing costs from currently unknown third parties.

11.     According to the written agreement between the parties, Mr. Egenberg was supposed to "participate in the litigation of all matters originated by [CBL] from October 15, 2018 to July 15, 2019" in exchange for a 15% share of all such matters.

12.     Mr. Egenberg made the $100,000 loan payment, and CBL paid back that principal amount in full on or before December 31, 2019.

13.     However, Mr. Egenberg failed to participate in any way in any litigation matters involving CBL and has no written agreements for any fee shares on any cases involving CBL with any of CBL's clients.

14.     Despite Mr. Egenberg's failures to comply with the written agreement to participate in the litigation of certain matters, Mr. Egenberg has repeatedly demanded payments for fee shares of cases involving CBL for which Defendants have no written contingency agreements or other agreements signed by CBL or any of CBL's clients. Mr. Egenberg apparently believes he is due a

15% fee share on all cases generated by CBL between October 15, 2018 to July 15, 2019 as interest for the $100,000 loan.

15.     On or about October 19, 2022, Defendant Egenberg APLC filed a demand for arbitration with the American Arbitration Association ("AAA") because "[CBL] entered into an 'Of Counsel' agreement with attorney Bradley Egenberg which requires the sharing of certain fees. [CBL] breached that agreement by failing and refusing to make payment to Egenberg of the necessary fees or disclosing the required information about the relevant cases."

16.     CBL has made substantial payments to Defendants in excess of the $100,000 principal loan amount as a result of Defendants' illegal and unconscionable demands to which Defendants were not legally entitled.

## VI. PLAINTIFF'S APPLLICATION FOR INJUNCTION OF ARBITRATION PROCEEDINGS AND OBJECTION TO ARBITRABILITY

17.     Defendants have filed with the AAA an arbitration based on an illegal, unconscionable, and unenforceable alleged agreement to arbitrate. There is no valid or enforceable arbitration agreement between the parties. Plaintiff CBL seeks an injunction against Defendants from pursuing the arbitration until this Court or a jury decide whether an enforceable agreement to arbitrate exists.

**A. There is no legally enforceable agreement to arbitrate**

18.     A court can compel arbitration only after a party seeking to compel arbitration establishes (1) there is a valid agreement to arbitrate, (2) the claims raised are within the agreement's scope, and (3) the claims are arbitrable. *See* 9 U.S.C. §§ 2, 4; *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018).

19.     Moreover, the parties' agreement to arbitrate must be clear. *Trico Mar. Servs. v. Stevenson Tech. Servs.*, 73 S.W.3d 545, 548 (Tex. App.—Houston [1st Dist.] 2002, orig. proceeding).

20.     Whether there is a valid or enforceable agreement to arbitrate is a threshold inquiry for the court. *In re Morgan Stanley & Co.*, 292 S.W.3d 182, 187 (Tex. 2009).

21.     Although public policy favors the submission of disputes to arbitration, arbitration is still a creature of contract; "a party cannot be compelled to arbitrate a dispute unless he has agreed to do so." *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 208–209 (Tex. App.—El Paso 2004, orig. proceeding) (citing *Am. Heritage Life Ins. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003)).

22.     A party seeking to compel arbitration must first establish that an arbitration agreement exists. *In re Oakwood Mobil Homes, Inc.*, 987 S.W.2d 571, 573 (Tex. 1999).

23.     Importantly, when a court is called to decide whether the parties have agreed to arbitrate, it does not resolve doubts or indulge a presumption in favor of arbitration, rather it must apply "standard contract principles to determine whether a valid arbitration agreement exists. *Bunzl*, 155 S.W.3d at 209.

24.     In May of 2022, the Supreme Court of the United States clarified that courts must hold a party to any alleged agreement to arbitrate "just as the court would to any other kind" of contract, and courts "may not devise novel rules to favor arbitration over litigation." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1714 (2022).

25.     In *Morgan*, the nation's high Court further *rejected* "court-made…procedural rules, including any rules relating to a motion's timeliness….[o]r put conversely, it is a bar on using custom-made rules, to tilt the playing field in favor of (or against) arbitration." *Id.*

26.     Here, there is no valid or enforceable agreement to arbitrate because the agreement to arbitrate is unconscionable, was procured by fraud and fraudulent misrepresentations of the arbitration agreement, the agreement is usurious, and is void and contrary to Texas law and public policy.

---

**B. Alternatively, the Arbitration Agreement is not enforceable because it is unconscionable.**

27.      The Arbitration Agreement is procedurally unconscionable.

28.      The Court should deny Defendants' motion to stay and compel arbitration because the alleged Arbitration Agreement was procedurally unconscionable at the time it was made. TEX. CIV. PRAC. & REM. CODE § 171.022.

29.      Procedural unconscionability refers to the circumstances surrounding the actual making of the arbitration agreement. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006).

30.      As stated further below, the agreement and the agreement to arbitrate were procured by fraud and fraudulent misrepresentations of the arbitration agreement, the agreement is usurious, and is void and contrary to Texas law and public policy

**B. The Arbitration Agreement is substantively unconscionable.**

31.      The Court should deny Defendants' motion to stay and compel arbitration because the Arbitration Agreement was substantively unconscionable at the time it was made. TEX. CIV. PRAC. & REM. CODE § 171.022.

32.      Substantive unconscionability refers to the fairness of the terms and conditions of the arbitration agreement itself. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d at 677.

33.      An agreement will generally be considered substantively unconscionable if it is grossly one-sided. *In re Poly-Am*, 262 S.W.3d 337, 348 (Tex. 2008). Contracts that are illegal, null, or void, are not susceptible to enforcement nor arbitration.

34.      As stated further below, the agreement and the agreement to arbitrate were procured by fraud and fraudulent misrepresentations of the arbitration agreement, the agreement is usurious, and is void and contrary to Texas law and public policy. Defendants structured a grossly one-sided agreement and hid material terms from Plaintiff.

**C. Alternatively, the Alleged Arbitration Agreement is not enforceable because it is illusory**

35.     The Court should deny Defendants' motion to stay and compel arbitration because the alleged agreement to arbitrate is illusory. *See In Re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010).

36.     The alleged agreement to arbitrate is illusory because Plaintiff does not and did not consent to any changes in the AAA Commercial Rules unilaterally imposed by the AAA after the execution of the illegal, null, and void agreement and agreement to arbitrate.

37.     The agreement and the agreement to arbitrate were procured by fraud and fraudulent misrepresentations of the arbitration agreement, the agreement is usurious, and is void and contrary to Texas law and public policy.

**D. Alternatively, a jury should determine whether Plaintiff agreed to arbitrate Defendants.**

38.     Plaintiff moves for a jury trial on the making of the agreement to arbitrate. In *New Prime Inc. v. Oliverira*, a recent decision from the Supreme Court of the United States in which it addressed the proper interpretation of the FAA, the Court held that a trial court must decide whether or not a valid arbitration agreement exists between Plaintiff and Defendants, and that if a party objects to the formation of an agreement to arbitrate, the trial court must decide the issue of arbitrability between the parties. 139 S. Ct. 532, 538 (2019).

39.     And under Texas law, there is a broad presumption in favor of jury trials in Texas for all causes. *See* Tex. Const. art. 5 § 10; *State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288, 292 (Tex. 1975).

40.     There is no question that Plaintiff has objected to the formation of an arbitration agreement, Plaintiff has paid the jury fee for this Cause, and that he seeks a jury to decide this issue.

**VII. CAUSES OF ACTION AGAINST DEFENDANTS**

**A. USURY**

41.     Plaintiff incorporates the prior facts and circumstances as if laid out fully here.

42.     Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for Usury and seeks damages pursuant to Texas Finance Code Chapter 305.

43.     By demanding illegal and unconscionable contingent fee shares for matters that are allegedly due as interest on a $100,000 loan that Defendants made to Plaintiff CBL, Defendants contracted for, charged, and received interest that is greater than the amount authorized by Texas law in connection with this transaction with Plaintiff CBL.

44.     Defendants charged and received illegal interest greater than twice the amount authorized by Texas Law and are therefore liable for the following:

a.   the principal amount on which the interest is charged and received; and

b.   the interest and all other amounts charged and received.

45.     The agreement is usurious and is void and contrary to Texas law and public policy.

**B. BREACH OF CONTRACT**

46.     Plaintiff incorporates the prior facts and circumstances as if laid out fully here.

47.     Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for breach of contract.

48.     Defendants breached the agreement between the parties by failing to participate in any way in any litigation matters involving CBL and by demanding payment of illegal, unconscionable, and usurious contingency fees despite having no written agreements for any fee shares on any cases involving CBL with any of CBL's clients.

49.     Defendants' breach of the contract caused injury to Plaintiff CBL which resulted in damages listed below.

**C. UNJUST ENRICHMENT**

50.     Plaintiff incorporates the prior facts and circumstances as if laid out fully here.

51.     Plaintiff pleads a cause of action against Defendants for unjust enrichment.

52.     Plaintiff CBL conferred a benefit onto Defendants by making payments in excess of the $100,000 principal loan amount as a result of Defendants' illegal, unconscionable, and usurious demands, and Defendants have thus been unjustly enriched.

53.     Defendants have been unjustly enriched to the detriment of Plaintiff CBL that resulted in the damages listed below.

**D. DTPA CLAIM**

54.     Plaintiff incorporates the prior facts and circumstances as if laid out fully here.

55.     Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for Texas Deceptive Trade Practices Act violations.

56.     Plaintiff CBL is a business consumer under the DTPA because Plaintiff is a company with assets less than $25 Million that sought or acquired by purchase or lease, goods or services from Defendants – namely a $100,000 loan and certain marketing efforts.

57.     Defendants violated Texas Business and Commerce Code Chapter 17 in the following ways:

   a.   representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

   b.   representing that goods or services are of a particular standard, quality, or grade, if they are of another;

   c.   advertising goods or services with intent not to sell them as advertised;

   d.   representing that an agreement confers or involves rights, remedies, or obligations

which it does not have or involve, or which are prohibited by law;

e.   failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

58.     Defendants' actions related to the agreement between the parties were unconscionable to CBL's detriment because Defendants took advantage of the lack of knowledge, ability, experience, or capacity of the business consumer to a grossly unfair degree.

59.     Defendants' illegal actions were done "knowingly" because Defendants had actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the business consumer's claim or, in an action brought under Subdivision (2) of Subsection (a) of Section 17.50, actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty.

60.     Defendants knowing and intentional acts entitle Plaintiff CBL to recover mental-anguish damages under Texas Business & Commerce Code section 17.50(b)(1). Because Defendants acted intentionally, Plaintiff CBL is entitled to recover treble economic and mental-anguish damages under Texas Business & Commerce Code section 17.50(b)(1). Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code section 17.50(d).

**E. COMMON-LAW FRAUD**

61.     Plaintiff incorporates the prior facts and circumstances as if laid out fully here.

62.     Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for common-law fraud.

63.    Defendants represented or benefited from representations made to Plaintiff CBL that Mr. Egenberg would participate in the litigation of certain matters, even though he never intended to do so and in fact never did. Defendants' representations to Plaintiff were material because Plaintiff relied on the representations in deciding to enter into the written agreement.

64.    Defendants made or benefited from the representations knowing the representations were false statements of fact that Defendants never intended to comply with. Defendants intended Plaintiff to rely on or had reason to expect Plaintiff would act in reliance on the false representations. Plaintiff justifiably relied on Defendants' representations by entering into the illegal, unconscionable, and usurious agreement.

65.    Defendants' false representations directly and proximately caused injury to Plaintiff that resulted in the damages listed below.

**F. FRAUD BY NONDISCLOSURE**

66.    Plaintiff incorporates the prior facts and circumstances as if laid out fully here.

67.    Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for fraud by nondisclosure.

68.    Defendants concealed material facts from Plaintiff CBL related to the written agreement that Defendants had a duty to disclose. This information was material and Defendants knew Plaintiff was ignorant of the information and did not have an equal opportunity to discover the truth.

69.    Defendants deliberately remained silent and did not disclose information to Plaintiff CBL, intending Plaintiff CBL to act without the information. Plaintiff CBL justifiably relied on Defendants' representations to participate in the litigation of certain matters. By deliberately

remaining silent, Defendants proximately caused injury to Plaintiff that resulted in the damages listed below.

**G. STATUTORY FRAUD**

70.     Plaintiff incorporates the prior facts and circumstances as if laid out fully here.

71.     Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for statutory fraud.

72.     Plaintiff CBL and Defendants were parties to a transaction involving a written agreement for services Defendants never intended to perform and took no steps after the agreement to perform. During the transaction, Defendants made false representations of material fact to Plaintiff CBL to entice CBL to enter into the written agreement

73.     Defendants made the false representations for the purpose of inducing Plaintiff CBL to enter into the written agreement. Plaintiff CBL justifiably relied on Defendants' false promises and material misrepresentations and omissions by entering into the agreement.

74.     Defendants' false representations proximately caused injury to Plaintiff CBL that resulted in injuries listed below.

**I. JOINT-ENTERPRISE LIABILITY — ALL DEFENDANTS**

75.     Plaintiff incorporates the prior facts and circumstances as if laid out fully here.

76.     Pursuant to Texas state law, Plaintiff seeks to hold all Defendants jointly and severally liable for the actions of one another under the theory of joint enterprise.

77.     Defendants are liable for the negligent and fraudulent acts of one another because at the time of the events giving rise to this lawsuit, Defendants were engaged in a joint enterprise, a mutual undertaking that has a common business or pecuniary purpose.

78.     Defendants had (1) either an express or implied agreement, (2) a common purpose to fraudulently induce Plaintiff CBL into an illegal, unconscionable, and usurious agreement, (3) a community of pecuniary interest in that common purpose, and (4) an equal right to direct and control the enterprise.

79.     At the time of the events giving rise to this lawsuit, Defendants were acting within the scope of the enterprise.

## J. CIVIL CONSPIRACY — ALL DEFENDANTS

80.     Plaintiff incorporates the prior facts and circumstances as if laid out fully here.

81.     Pursuant to Texas state law, Plaintiff seeks to hold all Defendants jointly and severally liable for the actions of one another under the theory of civil conspiracy.

82.     Defendants are a combination of two or more parties. Together, Defendants combined to defraud Plaintiff into entering into an illegal, unconscionable, and usurious written agreement.

83.     Defendants had a meeting of the minds or an understanding on the object or course of action required to defraud Plaintiff into entering into the illegal, unconscionable, and usurious written agreement.

84.     To accomplish the object of their agreement, Defendants committed common-law fraud and fraud by nondisclosure.

85.     The agreement between Defendants to fraudulently induce Plaintiff CBL to enter into the illegal, unconscionable, and usurious written agreement proximately caused injuries and damages to Plaintiff.

## VIII. PLAINTIFF'S DAMAGES

86.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff CBL has suffered damages. As a result of those damages, Plaintiff seeks the following:

    a.   Actual damages;

    b.   Economic damages;

    c.   Mental anguish damages;

    d.   Disgorgement;

    e.   Treble damages;

    f.   Exemplary damages;

    g.   Attorney's fees;

    h.   Prejudgment interest;

    i.   Post-judgment interest;

    j.   Cost of court; and

    k.   All other relief, special or general, legal or equitable, to which Plaintiff is justly entitled.

87.    For all of the underlying torts committed by any of the Defendants, Plaintiff CBL seeks to hold all Defendants jointly and severally liable for all damages, actual, additional, and exemplary, owed to Plaintiff under a claim of civil conspiracy and joint enterprise perpetuated by all the named defendants.

### IX. CONDITIONS PRECEDENT

88.    All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

### X. JURY DEMAND

89.    Plaintiff CBL requests that a jury be convened to try the factual issues in this cause.

### XI. NOTICE PURSUANT TO TRCP 193.7

90.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendants of her intent to use all documents exchanged and produced between the parties

(including, but not limited to, correspondence, pleadings, records, and discovery responses) during any pre-trial proceeding and at the trial of this cause.

## XII. ATTORNEY'S FEES

91.     Plaintiff CBL is entitled to recover reasonable and necessary attorney fees because such fees are allowed under the written agreement between the parties and under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein and upon the trial of this cause Plaintiff has judgment against Defendants for all of its damages as set out herein, prejudgment interest at the highest legal rate allowed by law, post-judgment interest at the highest legal rate allowed by law, all costs of court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**BENNETT INJURY LAW**

*/s/ Charles A. Bennett*
CHARLES A. BENNETT
State Bar No. 24086454
cbennett@bennettinjurylaw.com
ANDREW J. KLOPFER
State Bar No. 24120947
aklopfer@bennettinjurylaw.com
12770 Coit Road, Suite 720
Dallas, Texas 75251
Phone:        (972) 972-4969
Facsimile:    (469) 754-0088
**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 69758027
Status as of 11/1/2022 12:50 PM CST

Associated Case Party: CHARLES BENNETT LAW, PLLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles A.Bennett | | cbennett@bennettinjurylaw.com | 11/1/2022 12:12:32 PM | SENT |
| Jenny Gutierrez | | jenny@bennettinjurylaw.com | 11/1/2022 12:12:32 PM | SENT |
| Andrew Klopfer | | aklopfer@bennettinjurylaw.com | 11/1/2022 12:12:32 PM | SENT |

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-22-06149-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

| | |
|---|---|
| | **ATTORNEY** |

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**
**ANDAPPLICATION FOR INJUNCTION**
**OF ARBITRATION**

**CC-22-06149-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

CHARLES BENNETT LAW, PLLC,
*Plaintiff(s)*

**VS.**

EGENBERG APLC; BRADLEY
EGENBERG, *Defendant(s)*

TO:

**EGENBERG APLC**
**SERVE REGISTERED AGENT: GERALD WASSERMAN**
**3939 N. CAUSEWAY BOULEVARD, SUITE 200**
**METAIRIE LA  70002**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION ANDAPPLICATION FOR INJUNCTION OF ARBITRATION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**CHARLES BENNETT LAW, PLLC**
*Plaintiff(s)*

**VS.**

**EGENBERG APLC; BRADLEY EGENBERG**
*Defendant(s)*

Filed in said Court on the 1st day of November, 2022, a copy of which accompanies this citation.

**WITNESS:   JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 2nd day of November, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
       Momodou Bayo

**SERVE:**
**EGENBERG APLC**
**SERVE REGISTERED AGENT:**
**GERALD WASSERMAN**
**3939 N. CAUSEWAY BOULEVARD**
**SUITE 200**
**METAIRIE, LA  70002**

**ISSUED THIS**
**2ND DAY OF NOVEMBER, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

CHARLES A BENNETT
CHARLES BENNETT LAW PLLC
12770 COIT RD
SUITE 720
DALLAS, TX  75251
972-972-4969



NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**21**
**Exhibit C-2**

# OFFICER'S RETURN

CC-22-06149-A   County Court at Law No. 1

CHARLES BENNETT LAW, PLLC vs. EGENBERG APLC.et al

**ADDRESS FOR SERVICE:**
SERVE REGISTERED AGENT: GERALD WASSERMAN
3939 N. CAUSEWAY BOULEVARD, SUITE 200
METAIRIE, LA  70002

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to EGENBERG APLC in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION ANDAPPLICATION FOR INJUNCTION OF ARBITRATION with the date and service at the following times and places to-wit:

**Name**                         **Date/Time**                         **Place, Course and Distance from Courthouse**

_____

_____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy        $_____        _____, Officer

Total    $_____        _____, County, Texas

By:_____, Deputy

_____, Affiant

**22**

# THE STATE OF TEXAS
## CITATION
CAUSE NO. **CC-22-06149-A**
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:

**BRADLEY EGENBERG**
**5721 SAINT CHARLES AVE**
**NEW ORLEANS, LA  70115**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION ANDAPPLICATION FOR INJUNCTION OF ARBITRATION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**CHARLES BENNETT LAW, PLLC**
*Plaintiff(s)*

**VS.**

**EGENBERG APLC; BRADLEY EGENBERG**
*Defendant(s)*

Filed in said Court on the 1st day of November, 2022, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 2nd day of November, 2022 A.D.

JOHN F. WARREN, Dallas County Clerk



By _____, Deputy
        Momodou Bayo



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**
**ANDAPPLICATION FOR INJUNCTION**
**OF ARBITRATION**

**CC-22-06149-A**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

CHARLES BENNETT LAW, PLLC,
*Plaintiff(s)*

**VS.**

EGENBERG APLC; BRADLEY
EGENBERG, *Defendant(s)*

**SERVE:**
**BRADLEY EGENBERG**
**5721 SAINT CHARLES AVE**
**NEW ORLEANS, LA  70115**

**ISSUED THIS**
**2ND DAY OF NOVEMBER, 2022**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

CHARLES A BENNETT
CHARLES BENNETT LAW PLLC
12770 COIT RD
SUITE 720
DALLAS, TX  75251
972-972-4969

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**OFFICER'S RETURN**

CC-22-06149-A   County Court at Law No. 1

CHARLES BENNETT LAW, PLLC vs. EGENBERG APLC.et al

**ADDRESS FOR SERVICE:**
5721 SAINT CHARLES AVE
NEW ORLEANS, LA  70115

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to BRADLEY EGENBERG in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION ANDAPPLICATION FOR INJUNCTION OF ARBITRATION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy     $_____     _____, Officer

Total     $_____     _____, County, Texas

By:_____, Deputy

_____, Affiant

**24**

FILED
12/5/2022 9:50 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-22-06149-A

| | | |
|---|---|---|
| CHARLES BENNETT LAW, PLLC, | § | IN THE COUNTY COURT AT LAW |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | OF DALLAS COUNTY, TEXAS |
| EGENBERG APLC AND BRADLEY | § | |
| EGENBERG, | § | |
| | § | |
| Defendants. | § | COUNTY COURT AT LAW NO. 1 |

## DEFENDANT EGENBERG APLC'S ORIGINAL ANSWER

Egenberg APLC ("Defendant") files its Original Answer to Plaintiff's Original Petition and Application for Injunction of Arbitration. In support of same, Defendant would respectfully show as follows:

### A.
### GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every claim in Plaintiff's Original Petition. Defendant demands Plaintiff be required to prove its allegations by a preponderance of the evidence according to the Constitution and law of the State of Texas.

### B.
### SPECIFIC DENIALS

2.    Defendant denies that all conditions precedent to Plaintiff's claim for relief have been performed. Plaintiff failed to perform under the parties' Superseding Of Counsel Agreement, including but not limited to failing to share the fees collected by it in violation of Paragraphs 6 and 10, failing to comply with the reporting obligations imposed by Paragraph 13, and filing the instant lawsuit.

**Exhibit C-4**
**25**

3.     Defendant denies that Plaintiff is a consumer who can bring claims under the Texas Deceptive Trade Practices Act. Plaintiff did not seek or acquire goods or services through purchase or lease. Rather, the parties entered into an enforceable Superseding Of Counsel Agreement for the mutual benefit of the parties, under which Plaintiff failed to perform.

## C.
## AFFIRMATIVE DEFENSES

4.     Plaintiff's claims are barred by the arbitration provision contained in Paragraph 26 of the parties' Superseding Of Counsel Agreement, which provides (in part):

> 26. **Governing Law and Dispute Resolution**. Any dispute, controversy, or claim arising out of or relating in any way to the Agreement, including without limitation any dispute concerning the construction, validity, interpretation, enforceability or breach of the Agreement, shall be exclusively resolved by binding arbitration upon a Party's submission of the dispute to arbitration. The arbitration will be conducted by a single arbitrator in accordance with the then existing Commercial Rules of the American Arbitration Association. The arbitration will be held in Dallas County, Texas.

Defendant submitted the issue of Defendant's breach of the parties' Superseding Of Counsel Agreement to the American Arbitration Association ("AAA"). AAA has determined that Defendant met the AAA filing requirements by filing a demand with an arbitration clause providing for administration by the AAA under its rules, and AAA is proceeding with the administration of the arbitration.

5.     Plaintiff's claims are barred by waiver. Plaintiff waived its rights to submit its claims to this Court and to a jury in the parties' Superseding Of Counsel Agreement, where it agreed that "any dispute, controversy, or claim arising out of or relating in any way to the Agreement… shall be exclusively resolved by binding arbitration" with AAA.

6.      Plaintiff's claims are barred, in whole or in part, because there was a failure of consideration. Plaintiff failed to perform under the parties' Superseding Of Counsel Agreement, including but not limited to failing to share the fees collected by it in violation of Paragraphs 6 and 10, failing to comply with the reporting obligations imposed by Paragraph 13, and filing the instant lawsuit.

7.      Plaintiff's DTPA claims are barred because Plaintiff is not a consumer who can bring claims under the Texas Deceptive Trade Practices Act. Plaintiff did not seek or acquire goods or services through purchase or lease. Rather, the parties entered into an enforceable Superseding Of Counsel Agreement for the mutual benefit of the parties, under which Plaintiff failed to perform.

8.      Defendant asserts that Plaintiff's claim is exempt from the Texas Deceptive Trade Practices Act because a plaintiff cannot sue a professional (including an attorney) under the DTPA based on the professional's advice, judgment, opinion, or similar professional skill.

9.      Defendant asserts that Plaintiff's claim is exempt from the Texas Deceptive Trade Practices Act because the parties' Superseding Of Counsel Agreement involves consideration of more than $100,000.

10.     Defendant asserts that Plaintiff failed to give sixty days' notice of its DTPA claim, as required by Section 15.505(a) of the Texas Business and Commerce Code.

11.     Plaintiff's claims are barred by the doctrine of unclean hands.

12.     Defendant affirmatively asserts the limitations on the amount of punitive damages set forth in Chapter 41 of the Texas Civil Practice and Remedies Code.

13.     Defendant reserves the right to assert any additional affirmative defenses discovered in the course of this litigation.

**D.**
**ATTORNEY'S FEES**

14.     In the event that this dispute is decided by a court of law (rather than the AAA, as provided by the parties' Superseding Of Counsel Agreement), Defendant asserts that it is entitled to reasonable attorney's fees, costs, and necessary expenditures in accordance with Paragraph 25 of the parties' Superseding Of Counsel Agreement and Section 38.001 of the Texas Civil Practice and Remedies Code.

**E.**
**RULE 193.7 NOTICE**

15.     This paragraph serves as notice, pursuant to Texas Rule Civil Procedure 193.7, that documents produced in response to written discovery requests served by Defendant will be used against the producing party in any pretrial proceeding and/or trial.

**E.**
**PRAYER**

Defendant prays that Plaintiff takes nothing by way of its causes of action, that judgment be rendered in Defendant's favor, that Defendant be awarded its costs and attorney's fees in this action, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**BRIAN LAUTEN, P.C.**

_____
**Brian P. Lauten**
State Bar No. 24031603
blauten@brianlauten.com
**Courtney G. Bowline**
State Bar No. 24055206
cbowline@brianlauten.com
**Kaylee Vanstory**
State Bar No. 24115009
kvanstory@brianlauten.com
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
(214) 414-0996 telephone
(214) 744-3015 facsimile

COUNSEL FOR EGENBERG APLC

## CERTIFICATE OF SERVICE

I certify that on December 5, 2022, a true and correct copy of the foregoing instrument was forwarded to all counsel of record in accordance with Texas Rule of Civil Procedure 21(a).

/s/ Courtney G. Bowline

_____
**Courtney G. Bowline**

JS 44   (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS

Charles Bennett Law, PLLC

**(b)** County of Residence of First Listed Plaintiff   Dallas, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Bennett Injury Law                       (972)972-4969
12270 Coit Road, Suite 720, Dallas, Texas 75251

### DEFENDANTS

Egenberg, APLC
Bradley Egenberg

County of Residence of First Listed Defendant   Orleans Parish, LA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Brian Lauten, P.C. for Egenberg, APLC        (214)414-0996
3811 Turtle Creek Blvd., Suite 1450, Dallas, Texas 75219

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | of Act 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | | ☐ 485 Telephone Consumer |
| ☒ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | Relations | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Leave Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | Income Security Act | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1  Original Proceeding | ☒ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from Another District *(specify)* | ☐ 6  Multidistrict Litigation - Transfer |  ☐ 8  Multidistrict Litigation - Direct File |

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332
Brief description of cause:
Plaintiff alleges claims related to a contract with Defendants Bradley Egenberg and Egenberg, APLC

### VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*        JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 12/13/2022 | /s/ Courtney G. Bowline |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**30**

**Exhibit D**

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
   United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.    **Origin.**  Place an "X" in one of the seven boxes.
   Original Proceedings.  (1) Cases which originate in the United States district courts.
   Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
   Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
   Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.**  This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# Supplemental Civil Cover Sheet for Cases Removed
# From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

## 1. State Court Information:

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| Court | Case Number |
|---|---|
| Dallas County Court at Law No. 1 | CC-22-06149-A |

## 2. Style of the Case:

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code).

| Party and Party Type | Attorney(s) |
|---|---|
| Charles Bennett Law, PLLC (Plaintiff) | Charles A. Bennett (Texas Bar No. 24086454)<br>Andrew J. Klopfer (Texas Bar No. 24120947)<br>BENNETT INJURY LAW<br>12770 Coit Road, Suite 720<br>Dallas, Texas 75251<br>Telephone: (972)972-4969 |
| Egenberg, APLC (Defendant) | Brian P. Lauten (Texas Bar No. 24031603)<br>Courtney G. Bowline (Texas Bar No. 24055206)<br>Kaylee Vanstory (Texas Bar No. 24115009)<br>BRIAN LAUTEN, P.C.<br>3811 Turtle Creek Blvd., Suite 1450<br>Dallas, Texas 75219<br>Telephone: (214)414-0996 |
| Bradley Egenberg (Defendant) | Bradley Egenberg has not been served or made an appearance at this time. |

**Exhibit E**

**32**

**3. Jury Demand**:

Was a Jury Demand made in State Court?          Yes

If "Yes," by which party and on what date?

    Plaintiff Charles Bennett Law, PLLC on November 1, 2022

**4. Answer:**

Was an Answer made in State Court?          Yes

If "Yes," by which party and on what date?

    By Defendant Egenberg, APLC on December 5, 2022

**5. Unserved Parties:**

The following parties have not been served at the time this case was removed:

Bradley Egenberg

**6. Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

N/A

**7. Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claim |
|---|---|
| Charles Bennett Law, PLLC (Plaintiff) | Plaintiff has sued the Defendants for usury, breach of contract, unjust enrichment, claims for violations of the Texas Deceptive Trade Practices Act, fraud, fraud by nondisclosure, statutory fraud, and conspiracy, along with injunctive relief, related to Plaintiff's contract with Defendants Bradley Egenberg and Egenberg, APLC. |
| Egenberg, APLC (Defendant) | Egenberg, APLC has filed an answer denying the allegations in the complaint but has not yet asserted any claims of its own. |
| Bradley Egenberg (Defendant) | Bradley Egenberg has not been served or made an appearance at this time. |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

Charles Bennett Law, PLLC

Plaintiff

v.

Egenberg, APLC and Bradley Egenberg

Defendant

3:22-cv-2711

Civil Action No.

## CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT

(This form also satisfies Fed. R. Civ. P. 7.1)

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(4)(D), and LR 81.2,

Defendant Egenberg, APLC

provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any publicly held corporation that owns 10% or more of its stock (if none, state "None"):
*Please separate names with a comma. Only text visible within box will print.*

None

A complete list of all persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are financially interested in the outcome of the case:
*Please separate names with a comma. Only text visible within box will print.*

Charles Bennett Law, PLLC (Plaintiff), Charles Bennett, Egenberg, APLC (Defendant), and Bradley Egenberg (Defendant)

**Exhibit F**
**34**

| | |
|---|---|
| Date: | 12/13/2022 |
| Signature: | /s/ Courtney G. Bowline |
| Print Name: | Courtney G. Bowline |
| Bar Number: | 24055206 |
| Address: | 3811 Turtle Creek Blvd. #1450 |
| City, State, Zip: | Dallas, TX 75219 |
| Telephone: | (214)414-0996 |
| Fax: | (214)744-3015 |
| E-Mail: | cbowline@brianlauten.com |

**NOTE:** To electronically file this document, you will find the event in our Case Management (CM/ECF) system, under Civil => Other Documents => Certificate of Interested Persons/Disclosure Statement.

## AFFIDAVIT OF BRADLEY EGENBERG

**STATE OF NEW YORK** §
**COUNTY OF KINGS** §

BEFORE ME, the undersigned Notary Public personally appeared Bradley Egenberg, who, having taken the oath and having been duly sworn, deposed and stated as follows:

1.      "My name is Bradley Egenberg. I am over 21 years of age and I am competent to make this affidavit in all respects. I have personal knowledge of the facts stated below.

2.      I am the Director, President, and sole member of Egenberg, APLC (formerly Bradley Egenberg, APLC). Egenberg, APLC has its principal place of business at 650 Poydras Street, Suite 2000, New Orleans, LA 70130. Bradley Egenberg, APLC filed its charter and was first qualified to do business in the State of Louisiana on April 5, 2013, and its Articles of Incorporation were filed on that same date. On June 20, 2014, the name of the entity changed from Bradley Egenberg, APLC to Egenberg, APLC. Certified copies from the Louisiana Secretary of State's Office of the following documents pertaining to Egenberg, APLC are attached to this Affidavit:

| | | |
|---|---|---|
| G-1 | Articles of Incorporation dated April 2, 2013 and Amendment to Articles of Incorporation dated June 20, 2014 | 12/12/2022 |
| G-2 | Egenberg, APLC's 2022 Domestic Corporation Annual Report filed with Louisiana Secretary of State's Office dated May 3, 2022 | 12/12/2022 |
| G-3 | Egenberg, APLC's 2022 Certificate of Good Standing from the Louisiana Secretary of State's Office dated May 3, 2022 | 12/12/2022 |
| G-4 | Egenberg, APLC's Certificate of Existence from the Louisiana Secretary of State's Office dated April 9, 2022 | 12/12/2022 |

AFFIDAVIT OF BRADLEY EGENBERG

**Exhibit G**

3.      I moved to New York in September 2022. Since that time, I have resided in Kings County in New York and intend to remain there.

4.      I have not been personally served with process the in case styled *Charles Bennett Law, PLLC v. Egenberg APLC and Bradley Egenberg*, nor have I entered an appearance. However, I consent to removal of this cause.

5.      I declare under penalty of perjury under applicable New York, Texas, and federal law that the foregoing is true and correct."

Subscribed to and sworn on this ___9___ day of December, 2022.

_____
Bradley Egenberg

_____
Notary Public

CAMILE TAYLOR
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TA6137717
Qualified in Nassau County
Commission Expires January 8, 2026

AFFIDAVIT OF BRADLEY EGENBERG



## UNITED STATES OF AMERICA
## State of Louisiana

### R. Kyle Ardoin
#### SECRETARY OF STATE

*As Secretary of State, of the State of Louisiana, I do hereby Certify that*

the attached document(s) of

**EGENBERG, A PROFESSIONAL LAW CORPORATION**

are true and correct and are filed in the Louisiana Secretary of State's Office.

```
41137286D    ORIGF    4/5/2013     5 page(s)
41537829     NMCHG    6/20/2014    1 page(s)
43436771     19 AR    4/17/2019    1 page(s)
```

In testimony whereof, I have hereunto set my
hand and caused the Seal of my Office to be
affixed at the City of Baton Rouge on,

April 9, 2020



*Secretary of State*

WEB 41137286D

Certificate ID: 11189797#MJUA4
To validate this certificate, visit the following
web site, go to **Business Services**, **Search
for Louisiana Business Filings**, **Validate a
Certificate**, then follow the instructions
displayed.
**www.sos.la.gov**

# ARTICLES OF INCORPORATION

## OF

## BRADLEY EGENBERG, A PROFESSIONAL LAW CORPORATION

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON**

**BE IT KNOWN**, that on this 2nd day of April, 2013,

**BEFORE ME**, GERALD WASSERMAN, a Notary Public, duly commissioned and qualified, and the undersigned competent witnesses,

**PERSONALLY CAME AND APPEARED** the subscriber hereto, of the full age of majority, who declared to me, Notary, in the presence of the undersigned competent witnesses, that availing himself of the provisions of the Louisiana Business Corporation Law, he does hereby form a corporation under and in accordance with the following Articles of Incorporation, to-wit:

## ARTICLE I.
## NAME

The name and title of this corporation shall be:

## BRADLEY EGENBERG, A PROFESSIONAL LAW CORPORATION

and under that name it shall have and enjoy all the rights, privileges and advantages granted by law to corporations.

## ARTICLE II.
## OBJECTS AND PURPOSES

The purpose of this corporation is to engage in any lawful activity for which corporations may be formed under the Business Corporation Law of the State of Louisiana.

-1-

**39**

### ARTICLE III.
### AUTHORIZED SHARES

The total number of shares of stock which this corporation is authorized to issue is 1,000 shares of no par value common stock.

### ARTICLE IV.
### REVERSION

Cash, property or share dividends, shares issuable to shareholders in connection with a reclassification of stock, and the redemption price of redeemed shares, that are not claimed by the shareholders entitled thereto within one year after the dividend or redemption price became payable or the shares became issuable, despite reasonable efforts by the Corporation to pay the dividend or redemption price or deliver the certificates for the shares to such shareholders within such time, shall, at the expiration of such time, revert in full ownership to the Corporation, and the Corporation's obligation to pay such dividend or redemption price or issue such shares, as the case may be, shall thereupon cease; provided that the board of directors may, at any time, for any reason satisfactory to it, but need not, authorize (a) payment of the amount of any cash or property dividend or redemption price or (b) issuance of any shares, ownership of which has reverted to the Corporation pursuant to this Article, to the person or entity who or which would be entitled thereto had such reversion not occurred.

### ARTICLE V.
### LIMITATION OF LIABILITY

No director or officer of this Corporation shall be personally liable to the Corporation or its shareholders for monetary damages for breach of fiduciary duty as a director or officer, except for liability (i) for breach of the director's or officer's duty of loyalty to the Corporation or its

-2-

shareholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or

a knowing violation of law, (iii) for liability under La. Rev. Stat. 12:92(D) for an unlawful dividend

or any other unlawful distribution, payment or return of assets made to shareholders, or (iv) for any

transaction from which the director or officer derived an improper personal benefit. If the Louisiana

Business Corporation Law is hereafter amended to authorize corporate action further limiting or

eliminating the personal liability of directors or officers, then the liability of each director and officer

of the Corporation shall be limited or eliminated to the full extent permitted by the Louisiana

Business Corporation Law as so amended from time to time.

**ARTICLE VI.**
**INCORPORATOR**

The name and address of the Incorporator is:

BRADLEY EGENBERG
650 Poydras St., Ste. 2323
New Orleans, Louisiana 70130

**THUS DONE AND SIGNED**, in multiple originals, at Metairie, Louisiana, on the day,

month and year first above written, in the presence of the undersigned competent witnesses, who

have signed their names with the said Appearer and me, Notary, after due reading of the whole.

WITNESSES:

_____
Galynn Mejia

_____
Alexandra Waguespack

_____
BRADLEY EGENBERG

_____
GERALD WASSERMAN, Notary Public
Parish of Jefferson, State of Louisiana
Louisiana State Bar No. 13253
My Commission is for Life.

-3-

INITIAL REPORT
OF
**BRADLEY EGENBERG, A PROFESSIONAL LAW CORPORATION.**
* * * * * * * * * *

**STATE OF LOUISIANA**
**PARISH OF JEFFERSON**

Complying with R.S. 1950, 12:101, **BRADLEY EGENBERG, A PROFESSIONAL LAW CORPORATION,** makes its initial report as follows:

**LOCATION AND MUNICIPAL ADDRESS**
**OF ITS REGISTERED OFFICE:**

> 650 Poydras St., Ste. 2323
> New Orleans, Louisiana 70130

**NAME AND MUNICIPAL ADDRESS**
**OF ITS REGISTERED AGENT(S):**

> GERALD WASSERMAN
> 3939 N. Causeway Boulevard, Ste. 200
> Metairie, Louisiana 70002

**NAME AND MUNICIPAL ADDRESS OF**
**THE FIRST DIRECTOR(S):**

> BRADLEY EGENBERG
> 650 Poydras St., Ste. 2323
> New Orleans, Louisiana 70130

Dated at Metairie, Louisiana, this 2nd day of April, 2013.

**BRADLEY EGENBERG**
**INCORPORATOR**

-5-

## AFFIDAVIT OF ACCEPTANCE OF APPOINTMENT
## BY DESIGNATED REGISTERED AGENT
## ACT 769 OF 1987

Secretary of State
Corporations Division
State of Louisiana

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON**

On this 2nd day of April, 2013,

**BEFORE ME**, a Notary Public in and for the State and Parish aforesaid, personally came

and appeared:

**GERALD WASSERMAN**, who is to me known to be the person, and who, being duly

sworn, acknowledged to me that he does hereby accept appointment as the Registered Agent of

**BRADLEY EGENBERG, A PROFESSIONAL LAW CORPORATION**, which is a corporation

authorized to transact business in the State of Louisiana pursuant to the provisions of Title 12,

Chapters 1, 2 and 3.

*Gerald Wasserman*
**GERALD WASSERMAN**
Registered Agent

Sworn to and subscribed before me, this 2nd day of April, 2013.

_____
**NOTARY PUBLIC**

**LEONARD M. BERINS, Notary Public**
**Parish of Jefferson, State of Louisiana**
**LA Bar No. 3004**
**My Commission is for Life.**

-4-

43

## AMENDMENT TO ARTICLES OF INCORPORATION
## OF
## BRADLEY EGENBERG, A PROFESSIONAL LAW CORPORATION

**STATE OF LOUISIANA**

**PARISH OF JEFFEROSN**

 **BE IT KNOWN,** that on this 20th day of June, 2014,

 The undersigned acting pursuant to the Corporation Law of Louisiana, amends the Articles

of Incorporation as follows:

### ARTICLE I.
### NAME

 To amend the name of the corporation as follows:

### EGENBERG, A PROFESSIONAL LAW CORPORATION

and under that name it shall have and enjoy all the rights, privileges and advantages granted by law

to professional law corporations.

### ARTICLE II.
### OBJECTS AND PURPOSES

 The purpose of this corporation is to engage in the practice of law in accordance with La.R.S.

12:804.

 The amendments have been adopted by unanimous consent of the shareholders at a meeting

held on the 20th day of June, 2014, signed in Jefferson Parish, State of Louisiana, before the

undersigned Notary Public.

        Bradley Egenberg, President

  Gerald Wasserman, Notary Public
  State of Louisiana, Parish of Jefferson
    Louisiana State Bar # 13253
    My Commission is for Life.

| R. Kyle Ardoin<br>Secretary of State<br> | **DOMESTIC CORPORATION**<br>ANNUAL REPORT<br>**For Period Ending**<br>4/5/2022 | <br>41137286D<br><br>2022 |
|---|---|---|

| Mailing Address Only  (INDICATE CHANGES TO THIS ADDRESS IN THIS BOX) | 1 | (INDICATE CHANGES TO THIS ADDRESS IN THIS BOX) |
|---|---|---|

41137286 D
EGENBERG, A PROFESSIONAL LAW CORPORATION

650 POYDRAS STREET, STE. 2000
NEW ORLEANS, LA 70130

Registered Office Address in Louisiana        (Do not use P. O. Box)
650 POYDRAS STREET, STE. 2000
NEW ORLEANS, LA 70130

| Issued Shares, if any: 0 | Federal Tax ID Number |
|---|---|

Our records indicate the following registered agents for the corporation.  Indicate any changes or deletions below.  All agents must have a Louisiana address.  Do not use a P. O. Box.
**A NEW REGISTERED AGENT REQUIRES A NOTARIZED SIGNATURE.**
  GERALD WASSERMAN
    3939 N. CAUSEWAY BOULEVARD SUITE 200 METAIRIE, LA 70002

| I hereby accept the appointment of registered agent(s). | Sworn to and subscribed before me on<br>NOTARY NAME MUST BE TYPED OR PRINTED WITH NOTARY # |
|---|---|
| **New Registered Agent Signature** | **Notary Signature**          **Date** |

This report reflects a maximum of three officers or directors from our records for this corporation.  Indicate any changes or deletions below.  Include a listing of all names along with each title held and their address.  Do not use a P. O. Box.  If additional space is needed attach an addendum.

  BRADLEY EGENBERG                                  Director, President
    650 POYDRAS STREET, STE. 2000  NEW ORLEANS, LA 70130

Our records indicate the following addresses for the corporation.  Indicate any changes below.

Principal office address  (Do not use a P. O. Box):
    650 POYDRAS STREET, STE. 2000 NEW ORLEANS, LA 70130

The filing of a false public record, with the knowledge of its falsity, is a crime, subjecting the filer to the fine or imprisonment or both under R.S. 14:133.

| **SIGN** ➜ | To be signed by an officer, director or agent<br>Bradley Egenberg<br>(SIGNED ELECTRONICALLY) | Title<br>Owner/Attorney | Phone | Date<br>05/03/2022 |
|---|---|---|---|---|
| | Signee's address | Email Address<br>ON FILE | | (For Office Use Only) |

| Enclose filing fee of     $30.00<br>**Make remittance payable to Secretary of State**<br>**Do Not Send Cash**<br>**Do Not Staple**<br>web site:  www.sos.louisiana.gov        **DO NOT STAPLE** | Return by:        4/5/2022<br>To:  **Commercial Division**<br>     **P. O. Box 94125**<br>     **Baton Rouge, LA 70804-9125**<br>     **Phone (225) 925-4704** | 1 |
|---|---|---|

UNSIGNED REPORTS WILL BE RETURNED                    **Exhibit G-2**



**UNITED STATES OF AMERICA**

**State of Louisiana**

## R. Kyle Ardoin

### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana, I do hereby Certify that*

**EGENBERG, A PROFESSIONAL LAW CORPORATION**

A corporation domiciled in NEW ORLEANS, LOUISIANA,

Filed charter and qualified to do business in this State on April 05, 2013,

I further certify that the records of this Office indicate the corporation has paid all fees due the Secretary of State, and so far as the Office of the Secretary of State is concerned is in good standing and is authorized to do business in this State.

I further certify that this Certificate is not intended to reflect the financial condition of this corporation since this information is not available from the records of this Office.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

May 3, 2022



*Secretary of State*

Web 41137286D

**Certificate ID:** 11565803#VXM73

To validate this certificate, visit the following web site, go to **Business Services, Search for Louisiana Business Filings, Validate a Certificate**, then follow the instructions displayed.
**www.sos.la.gov**

**Exhibit G-3**



# UNITED STATES OF AMERICA
# State of Louisiana

## R. Kyle Ardoin
### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana, I do hereby Certify that*

the Articles of Incorporation of

**EGENBERG, A PROFESSIONAL LAW CORPORATION**

Domiciled at NEW ORLEANS, LOUISIANA,

Were filed in this Office and a Certificate of Incorporation was issued on April 05, 2013,

I further certify that no Certificate of Dissolution or Termination has been issued.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

April 9, 2020



*Secretary of State*

Web 41137286D

**Certificate ID:** 11189795#5DS93

To validate this certificate, visit the following web site, go to **Business Services**, **Search for Louisiana Business Filings**, **Validate a Certificate**, then follow the instructions displayed.
**www.sos.la.gov**

**Exhibit G-4**