IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES BENNETT LAW PLLC, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-2771-S-BK |
| | § | |
| BRADLEY EGENBERG AND | § | |
| EGENBERG APLC, | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. The Court now considers *sua sponte* the issue of subject matter jurisdiction. For the reasons that follow, this action should be **REMANDED** to state court.

### I. BACKGROUND

Plaintiff initiated this case in Dallas County Court at Law No. 1, raising claims against Defendants for various violations of Texas state law. Doc. 1-1, *passim*. Defendants removed the case to this Court based on diversity jurisdiction, alleging that Bradley Egenberg is a citizen of New York, Egenberg APLC is a citizen of Louisiana, and Plaintiff is a Texas citizen which seeks to recover more than $75,000.00 in damages. Doc. 1 at 3. Upon review, however, the Court noted that Plaintiff's state petition indicated it "seeks monetary relief of $74,500 or less, including interest, statutory or punitive damages and penalties, and attorney's fees and costs." Doc. 1-1 at 5.

Accordingly, the Court issued an *Order to Show Cause*, directing the parties to address whether diversity jurisdiction existed. Doc. 6; *see Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The parties have filed their briefs, and the issue is now ripe for determination.

## II. APPLICABLE LAW

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. §§ 1441(a), (b). As relevant here, a federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). In diversity cases, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). Removal of an action based on diversity jurisdiction is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000.00. 28 U.S.C. § 1446(c)(2)(B). The removing party bears the burden of establishing the facts necessary to establish federal jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). Moreover, a state court plaintiff may be bound by a stipulation that he seeks less than $75,000.00 in damages. *See Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1060-61 (5th Cir. 2022) (holding that diversity removal is defeated if the plaintiff expressly stipulates that his damages are less than $75,000.00). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Indeed, removal statutes are strictly construed against removal and in favor of remand. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

## III. ANALYSIS

Defendants maintain that the amount in controversy in this case exceeds $75,000.00. Specifically, Defendants assert that Plaintiff's plea for less than that amount is not binding because (1) Plaintiff's petition also seeks nonmonetary relief and (2) the amount pled was made in bad faith as it contradicts the damages Plaintiff asserts elsewhere in the petition. Doc. 9 at 7-13. Plaintiff, however, contends that its plea for injunctive relief has no non-monetary value because it merely seeks a stay of arbitration. Doc. 10 at 2-4. Further, Plaintiff asserts that its plea for $74,500.00 in damages was made in good faith and controls because it has expressly repudiated the right to seek more, inclusive of interest, statutory or punitive damages and penalties, and attorney's fees and costs. Doc. 10 at 4-8.

Generally, a plaintiff is the "master of his complaint." *Durbois*, 37 F.4th at 1060 (quoting *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002)). To that end, a plaintiff is entitled to litigate his claims in state court and structure his plea for damages accordingly. *Id.* Thus, in *Durbois*, the Court held that the plaintiff's plea for $74,500.00 in damages could not support a finding of bad faith under section 1446. *Id.* The Court further found that, even if the defendant's evidence supported its assertion that more than that amount potentially was at stake, the plaintiff's stipulation that he would seek no more than his pleaded damages was binding. *Id.*

Defendants' attempt to distinguish *Durbois* is unavailing. First, the Court discerns no real significance in the distinction that Plaintiff did not set forth his stipulation in a declaration. The fact is, Plaintiff has expressly asserted that he seeks less than $75,000.00 in damages, and he has reiterated this position in his response to the *Order to Show Cause*. See *id*. at 1061 ("A reasonable reader would understand that Durbois was limiting not only what he demanded but

what he would accept from the suit. Perhaps Deutsche Bank thinks Durbois 'should have used CAPITAL LETTERS ... [o]r maybe ... should have added: And [I] really mean it!!!' . . . But we don't think such measures are necessary.") (quoting *Andrus v. Texas*, 140 S. Ct. 1875, 1888 (2020) (Alito, J., dissenting)).

Further, Plaintiff's stipulation regarding the amount of damages to which he agrees to be bound does not contradict any allegations in the petition that could support a higher *potential* recovery. *Id.* at 1060 ("Durbois also stipulated that the amount in controversy is less than the jurisdictional requirement. So even if Deutsche Bank's evidence did support its asserted amount, the district court still lacked jurisdiction."); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court[,] he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."). Because Plaintiff "states the *fact* that it is not seeking more than a particular amount and that it will not accept more than that amount, the *legal consequence* is that the court may not order more than that amount." *Durbois*, 37 F.4th at 1061 (emphasis in original). Accordingly, this Court lacks subject matter jurisdiction, and this case should be remanded to state court for further proceedings.

## IV. CONCLUSION

For the foregoing reasons, the Court should *sua sponte* **REMAND** this cause to Dallas County Court at Law No. 1.

**SO RECOMMENDED** on April 20, 2023.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).